UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIE FLOURNOY,<br><br>Plaintiff,<br><br>v.<br><br>HAULAGE TRANSPORTATION CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:25-CV-578-KAC-JEM |

**MEMORANDUM AND ORDER**

Before the Court is the Parties' "Joint Motion for Settlement Approval" [Doc. 21], which asks the Court to approve the settlement of Plaintiff Willie Flournoy's Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claims. On November 24, 2025, Plaintiff brought suit individually "and on behalf of similarly situated persons" against Defendant Haulage Transportation Corporation for alleged violations of the FLSA related to overtime compensation [Doc. 1]. On June 19, 2026, Plaintiff amended his Complaint and removed his "multi-plaintiff claims," indicating that he would "proceed[] on his individual claims only" [*See* Docs. 14 at 1; 15]. On June 29, 2026, Plaintiff and Defendant notified the Court that they had reached a settlement and anticipated filing a "motion for approval of the settlement agreement within 30 days of th[e] Notice" [*See* Doc. 17 at 1]. The Parties now seek Court approval of their settlement and dismissal of Plaintiff's claims with prejudice [*See* Doc. 21]. Because the settlement provides a fair and reasonable resolution of Plaintiff's bona fide FLSA dispute and provides reasonable attorney's fees and all costs of the action, the Court grants the Parties' Motion [Doc. 21].

Section 207 of the FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee . . . in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Further, the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

The circuits are split on whether the settlement of FLSA claims among private parties requires Court approval. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue. One district court in this Circuit has reached the persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 620 F. Supp. 3d 635, 643 (W.D. Ky. 2022); *see also Alcantara v. Duran Landscaping, Inc.,* No. 2:21-cv-03947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). But courts in this district have regularly found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g.*, *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018). Until the Sixth Circuit addresses the issue, out of an abundance of caution and at the Parties' request, the Court reviews the Parties' settlement [*See generally* Doc. 21].

In reviewing an FLSA settlement, the Court must ensure that the settlement represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores,*

679 F.2d at 1355. The text of the FLSA does not "shed[] light" on what it means for attorney's fees to be "reasonable." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). But the Sixth Circuit has stated that the award of attorney's fees ensures "effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 502-03. Generally, when evaluating the reasonableness of attorney's fees, the Court considers (1) "the value of the benefit rendered;" (2) "the value of the services on an hourly basis;" (3) "whether the services were undertaken on a contingent fee basis;" (4) "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;" (5) "the complexity of the litigation;" and (6) the "professional skill and standing of counsel." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

Here, the proposed settlement fairly and reasonably resolves Plaintiff's bona fide FLSA dispute. The Parties negotiated the settlement at arms' length with "counsel who is respected" and "experienced in handling wage and hour collective actions" [*See* Doc. 21 at 6-7]. And the terms of the resolution "are fair and reasonable under the circumstances" [*Id.* at 3]. Consistent with the FLSA, Defendant agrees to pay Plaintiff "more than the amount of the overtime he recorded plus alleged liquidated damages" [*Id.* at 2]. *See* 29 U.S.C. § 216(b). Also consistent with the FLSA, the Parties agree that Defendant will pay Plaintiff's attorneys' fees and costs [*Id.* at 8-9]. *See* 29 U.S.C. § 216(b). Plaintiff's counsel is experienced in handling employment litigation, bringing valuable expertise to this case [*Id.* at 7]. They took this case on a contingency fee basis [*Id.* at 9]. And the award of reasonable attorneys' fees encompasses "intake interviews," "in-depth analysis related to time and pay documents," "negotiating th[e] settlement," and "drafting

and filing the settlement agreement and associated approval documents" [*See* Doc. 21-2 at 3]. Considering the time that counsel spent and risk incurred litigating this matter, "the fee is reasonable," "adequately" compensates counsel, and does not produce a windfall for counsel [*See* Docs. 21 at 8-9; 21-2]. As a result, the settlement represents a fair and reasonable resolution of the FLSA dispute. *See Lynn's Food Stores*, 679 F.2d at 1355. And the proposed reasonable attorneys' fees will incentivize lawyers to undertake meritorious FLSA litigation, even on a contingency basis, consistent with the FLSA's mandate. *See Moulton*, 581 F.3d at 352.

Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Settlement Approval" [Doc. 21] and **DISMISSES** Plaintiff's claims against Defendant **with prejudice** on those terms. An appropriate judgment will enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge